### GENUNG v. HAWKES.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

MECHANICS' LIENS (§ 207*)—AGREEMENT NOT TO FILE LIEN—BREACH.

Where an owner promised one who had furnished materials to a contractor for use in the repair of a building that, if the materialman would discount his account, furnish an estimate for the completion of the work, and not file a lien, the owner would pay the account, the agreement not to file a lien was an agreement not to file a notice of lien, and the filing of a notice, even though the materialman was not entitled to a lien, was a

breach of the contract which precluded recovery by the materialman on the owner's promise.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 381; Dec. Dig. § 207.*]

Appeal from Judgment on Report of Referee.

Action by Sherman A. Genung against Frederick E. Hawkes, as sole executor of the last will and testament of Emma Toles, deceased, for closing of mechanic's lien upon defendant's property for material furnished to a contractor. From a judgment denying the right to· lien but awarding money judgment in favor of the plaintiff and against the defendant for the amount claimed, the defendant appeals. Reversed, and complaint dismissed.

See, also, 147 App. Div. 380, 132 N. Y. Supp. 274.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Frederick E. Hawkes, of Waverly, for appellant.

Charles C. Annabel, of Waverly (James O. Sebring, of Corning, of counsel), for respondent.

SMITH, P. J. The action was originally brought to foreclose a mechanic's lien upon defendant's property for material furnished to one Mosier, who under contract was improving said property. The court has denied to the plaintiff the foreclosure of the lien on the ground that there were no moneys due from the owner to the contractor at the time of the filing of the lien. A money judgment, however, was awarded as against the defendant in favor of the plaintiff upon the ground that the defendant's testatrix had for a valuable consideration agreed to pay the debt. The case was originally brought on for trial before Mr. Justice Horton in the Sixth district. When his term of office expired, the case had not been decided, and it was stipulated that he might retain the case and decide the same as referee; so that the judgment was entered upon his decision as referee.

From the findings of the court it appears that the defendant's husband made a contract with one Mosier to make certain repairs upon the house upon defendant's property for between $800 and $900. The materials furnished by the plaintiff were furnished to Mosier as such contractor. Part of the materials went into the improvements upon defendant's property, and part of them went on some other house that Mosier was building. Mosier failed to perform his contract, so that the defendant was required to discharge him from further work upon the contract. The finding is to the effect that no moneys were thereafter due from the defendant to said Mosier. The finding of the referee is that after the discharge of Mosier the defendant's intestate agreed with plaintiff "that the plaintiff should discount his account 5 per cent., should make an estimate for her use of the amount that it would cost to complete the house at 31 Lyman avenue, and should not file a lien upon the said premises, and in consideration thereof she (the said Emma Toles) would pay the said account of the plaintiff for materials furnished, less the 5 per cent., without de-

lay." This agreement was made upon August 12, 1909. About 12 days thereafter the plaintiff did file a notice of lien upon the property for these very materials furnished, and it was this lien that was sought to be foreclosed in this action. One of the contentions of the defendant is that the plaintiff has violated his part of the contract by the filing of the notice of lien. The learned referee has held otherwise. In his opinion he says:

"The promise of the plaintiff at the request of Mrs. Toles not to file a lien must, I think, be eliminated, for, if the plaintiff did not have a right to file a lien upon her premises, then there could be no consideration for her promise to pay the plaintiff's account. It has already been found that the plaintiff could not at this time have filed a lien upon the decedent's premises which would have been valid."

In this reasoning I am unable to follow the learned referee. As to the interpretation which must be given to the plaintiff's contract as found by the court, there can be no doubt. The object sought to be accomplished by the defendant's intestate was that there should be no notice of lien filed which might affect her credit and cause her annoyance, and the agreement of the plaintiff not to file a lien must fairly be deemed an agreement not to file a notice of lien. The filing of such notice, therefore, was a violation of the agreement on his part, which precludes him from recovering against the defendant's intestate upon the contract. The judgment thus awarded was therefore improper and must be reversed, with costs, and the complaint dismissed, with costs.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur; KELLOGG, J., in result.